**KAHN, Exr., Appellee, v. AMERICAN JEWISH COMMITTEE OF NEW YORK CITY, et, Appellees; CATHOLIC CHARITIES OF THE ARCHDIOCESE OF CINCINNATI, et, Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6275. Decided June 1, 1943.

Frost & Jacobs, Cincinnati, for Girard Trust Co., Administrator of estate of Stella M. Hirsh, deceased.

Alva W. Goldsmith, Cincinnati, for appellants.

Walter K. Sibbald, Cincinnati, for Jerome L. Kahn, Executor of the estate of Alex Meis, deceased.

## OPINION

By ROSS, P. J.

This is an appeal on questions of law from the Probate Court of Hamilton county.

The Probate Court construed the will of Alex Meis, deceased, at the request of the executor. The correctness of such construction is now questioned by this appeal.

The pertinent portions of the will are Items VII and X:

"ITEM VII: In the event my sister, Stella M. Hirsh survives me I give and bequeath to my trustees hereinafter named bonds, securities or other assets to be selected by them from my estate

having an appraised value of Two Hundred Fifty Thousand Dollars ($250,000.00) in trust for the uses and purposes following:

"1. To hold, sell, invest, re-invest and to keep the same invested and to collect and receive the income thereof, and after paying from such income or if necessary from the property, all taxes levied against the same, together with all of the expenses incident to said trust estate, properly chargeable thereto, and to pay the net income received therefrom and to make distribution of the said trust estate as hereinafter directed. It is my desire and direction that this trust estate be invested in high grade, conservative investments, the conservation of principal to be the primary consideration, and the type of securities purchased to be similar wherever feasible, to the securities which I own at the time of my death, and my said trustees in making any sale, investment or re-investment of said property shall be permitted to do so in such manner as in their discretion they deem best and except as in their discretion it appears to them to be advisable they should not apply or be required to apply for any court order authorizing or approving any of such acts on their part as trustees; and in dealing with my said trustees no person purchasing from them shall be required to look to the application of the money or property paid to them as trustees.

"2. So long as my sister, Stella M. Hirsh, lives my said trustees are directed to pay to her the sum of Twenty-Five Hundred Dollars ($2500.00) on the second day of January of each year and a like sum on the first day of July of each year. If during any calendar year the net income herein is not sufficient to pay said sums out of income, the difference shall be paid from the principal herein, and if during any calendar year the net income herein shall exceed Five Thousand Dollars ($5,000) the excess shall be paid to my sister during the month of January in the succeeding year. If, by reason of ill health, sickness, old age, or any other cause, my sister shall be incapacitated from receiving and disbursing the income or payments to which she is entitled I authorize and empower my trustees to pay and apply the same for the comfortable maintenance of my sister, without being required to apply to any court for leave to make such application.

"3. At the death of my sister, Stella M. Hirsh, my said trustees shall divide whatever remains in this trust fund among the beneficiaries who take the residue of my estate as provided in Item XIII of this will, each of said beneficiaries to have the same part hereof as therein provided. If, however, at her death any one or more of said organizations be not functioning, or nonexistent, or unwilling or unable to receive its share then the share or shares of such organization or organizations shall be prorated among the remaining organizations, the same proportions to apply as is provided in Item XIII of this will, the pro rata share of each to be computed by my trustee, and their computation shall be binding upon the beneficiaries."

"ITEM X: In order that they may have funds which must not be kept from them during the administration of my estate I direct that commencing immediately after my death and continuing until my trustees qualify under Item VII and Item IX herein my executor shall pay:

"(2) To my sister, Stella M. Hirsh, if she be living, the sum of Twenty-five Hundred Dollars ($2500.00) on the second day of each January and a like sum on the first day of each July.

"(b) To Lena Tipton Sterlin, if she be living, the sum of One Hundred Dollars ($100.00) on the first day of each month, which payments must be made without regard of the status of the administration of my estate without requiring them or either of them to give any security for the refund thereof and my executor is directed to make said payments without applying to any court for authority to make them."

The testator died July 10, 1940; his sister died March 2, 1941. The executor paid her $2500.00 January 2, 1941, and this was all that she or her estate received from the estate of Alex Meis.

The Probate Court decided that a proper construction of the will required:

"That the said Stella M. Hirsh,under ITEM VII of said Last Will and Testament of said Alex Meis, deceased, is entitled to that portion of the whole income earned by all the assets of the estate of the said Alex Meis, deceased, from July 10, 1940, the date of his death, to and including March 2, 1941, the date of death of his sister, the said Stella M. Hirsh, deceased, as the sum of Two Hundred and Fifty Thousand Dollars ($250,000) bears to the whole net estate of said Alex Meis, deceased, less the sum of Twenty-five Hundred Dollars ($2500.00) paid the said Stella M. Hirsh, deceased, during her lifetime, to wit, on January 2, 1941, by the plaintiff herein, Jerome L. Kahn, as Executor of the Estate of the said Alex Meis, deceased, pursuant to the provisions of ITEM X of the Last Will and Testament of the said Alex Meis, deceased, which said sum amounts to Four Thousand Two Hundred Sixty-one and 19/100 Dollars ($4,261.19) as set forth in the above conclusions of fact; * * *

From the opinion of the court it seems that such conclusion was founded in part at least upon the case of **Davidson v The Miners & Mechanics Savings & Trust Co., Exr., 129 Oh St 418**, the third paragraph of the syllabus being:

"3. Where one is bequeathed the income from certain property for life, he is entitled to such income from the death of the testator, in the absence of anything in the will to the contrary."

The facts involved in the Davidson case and those presented here are entirely dissimilar. In the construction of wills the paramount, controlling, and decisive criterion is the intention of the testator as expressed in the language used in the testament.

Rules of construction more or less arbitrary in character are only useful when this intent is obscure.

A reading of the will under consideration leaves no room for conjecture as to the intention of Alex Meis as far as his sister was concerned. Two things are apparent from the language he used. One, that he wanted her to receive an income adequate to her needs during her life; two, that he had absolutely no interest in creating an estate for her after her death.

If the income from the portion of his estate set aside to her was not sufficient for this purpose the principal was made to respond for the deficit. It is obvious that the testator believed $5,000.00 per year was normally sufficient to furnish her proper support.

Now this will manifestly contemplates two separate periods. One, the time elapsing until the trust became operative through the selection of securities by the trustees after their qualification as such. Note the words of the will "to be selected by them." These trustees never qualified, and, of course, made no selection and the trust was never set up, and the period contemplated by the testator never existed.

But the testator contemplated and definitely provided for, in clear, unambiguous language, another period which did exist—to-wit, a period from the time of his death until the beginning of this other period. His sister in this period was to receive not less than $5,000.00 per year, payable in two installments,—January 2nd, and July 1st. But note again: "To my sister, Stella M. Hirsh, if she be living."

The testator died July 10, 1940. If the sister had been living on July 1st, 1941, and the trustees had not initiated the trust, she would have been entitled only to $5,000.00, $2,500.00 of which had been paid her on the previous January 2nd, 1941, leaving on July 1st, 1941 a balance due her of $2,500.00.

If the Davidson case can be considered helpful in a determination of any question here presented, it will be to give the estate of the sister a proportionate amount of the second $2,500.00. She lived approximately two months of the second half of the year, hence giving to her estate the most favorable construction permissible under the language used, her estate would be entitled to 2/6th, or 1/3rd of $2,500.00.

What other reasonable construction may be obtained from the language of Item X:

"ITEM X: In order that they may have funds which must not be kept from them during the administration of my estate I direct

that commencing immediately. after my death and continuing until my trustees qualify under Item VII and Item IX herein my executor, shall pay:

"(a) To my sister, Stella M. Hirsh, if she be living, * * * "

The conclusion seems inescapable that after the death of the sister, the testator's desire was that further payments by virtue of the provisions for her should cease. It is to be borne in mind that under the will, payments during this preliminary period were made out of the entire estate of the testator by his executor. The second period for which definite provision was made never came into existence.

That any excess in income over $5,000.00 was also to be paid the sister, if living, is not overlooked, but, again, it is to be borne in mind that before this could occur, the sister must be living, the trustees must have qualified, payments by the **executor** must have ceased, the securities must have been selected, income from these securities must have accrued. Then, and then only would the payments to the sister cease to be arbitrary, definite amounts, and change into payments based upon income, still controlled by a minimum limit with no maximum limitation.

The judgment of the Probate Court is modified to the extent herein indicated and a judgment may be here presented in accordance with the conclusion of this court.

HILDEBRANT and MATTHEWS, JJ., concur.